1  John Burton, State Bar No. 86029
       jb@johnburtonlaw.com
2  THE LAW OFFICES OF JOHN BURTON
   4 East Holly Street, Suite 201
3  Pasadena, California  91103
   Telephone:   (626) 449-8300
4  Facsimile:   (626) 449-4417

5  Attorneys for Plaintiff Jason Walton

6

7  ## UNITED STATES DISTRICT COURT
   ## EASTERN DISTRICT OF CALIFORNIA

8

9  JASON WALTON                          Case No. 5: 15-CV-114

10                Plaintiff,             **COMPLAINT PURSUANT TO**
                                         **FEDERAL TORT CLAIMS ACT FOR**
11              v.                       **DAMAGES FOR NEGLIGENCE**
                                         **ARISING FROM THE DANGEROUS**
12 UNITED STATES OF AMERICA              **CONDITION OF GOVERNMENT**
   through the DEPARTMENT OF             **PROPERTY**
13 AGRICULTURE, FOREST
   SERVICE,
14
                Defendant.
15

16

17

18

19              **JURISDICTION AND VENUE**

20      1.      On March 24, 2013, Plaintiff Jason Walton had a significant motorcycle

21 accident due to the creation of a dangerous man-made condition, the result of

22 governmental negligence, while he was lawfully riding his motorcycle on a signed trail in

23 San Bernardino National Forest, which is under the jurisdiction and control of the

24 United States Department of Agriculture, Forest Service. Plaintiff sues under the

25 Federal Tort Claims Act (FTCA).

26      2.      Jurisdiction of the Court is founded upon 28 U.S.C. § 1346(b).

27      3.      This action arises out of acts that occurred in the Central District of

28 California, and therefore venue lies in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff Jason Walton is an adult competent to sue on his own behalf.

5.      Defendant United States of America, by and through its agency, the Department of Agriculture, Forest Service (hereinafter "Forest Service") operated, at all relevant times, as an agency concerned and/or charged with the administration and maintenance of National-Forest related matters in the United States of America, including in the San Bernardino National Forest. Defendant is subject to suit pursuant to the Federal Tort Claims Act (FTCA).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.      Plaintiff timely filed the appropriate "Claim for Damage, Injury or Death" on May 22, 2014, with the Department of Agriculture. The claim has been acknowledged, and transferred to the Department of Agriculture's Office of General Counsel for determination. The claim has neither been accepted nor rejected, making this lawsuit neither too soon nor too late.

**FACTUAL ALLEGATIONS AND CLAIM FOR RELIEF**

7.      Plaintiff Jason Walton is an experienced off-road motorcyclist. On March 24, 2013, he purchased an Adventure Pass from the Forest Service so that he could ride on Santa Fe Road, the entry to which is located near the Silverwood Exit (Hwy 138) from Interstate 15 in the San Bernardino National Forest, which is located in San Bernardino County, California. A copy of the pass is attached as Exhibit A.  The road was marked "green," which indicates the safest terrain. Mr. Jason was with two companions and was properly attired with protective leathers and a helmet. Mr. Walton rode his 2004 KTM 400 Model EXE northbound at the appropriate rate of speed for a trail rated green. He fully exercised due care for his own safety.

8.      Just south of the Interstate 15 underpass, Plaintiff rode around a blind turn and was surprised by a metal cattle crossing with the ground with an exposed 12- to 15- inch ledge facing him.  A photograph of the ledge is attached as Exhibit B. Because of the blind turn, combined with the green rating, Plaintiff could not react in time to this unexpected man-made hazard. Instead his front wheel hit flush, stopping the bike, bending the wheel, causing Plaintiff to fly over the handlebars, cracking his helmet, and causing serious personal injuries. His friends were able to remove him from the location and transport him to St. Bernardine Medical Center.

9.     As a result of this accident, Plaintiff sustained significant physical injuries, including some that are permanent. The impact shattered his right radius. Despite surgery and therapy, he still has significant impairment of his dominant hand. He also sustained fractures and tendon damage in his left foot, which may result in future surgeries and has left a significant residual. Plaintiff has, to date, accrued significant medical expenses and will continue to do so in the future. Besides transient and permanent physical injuries, Plaintiff also sustained property damage to his motorcycle and other equipment, and lost, or will lose, wages and other income in past and future amounts in accordance with proof.

10.     The accident was proximately caused by the negligence of the Forest Service and its employees, who created the dangerous condition that caused Plaintiff's injuries. Accordingly, Plaintiff claims damages based on negligence pursuant to 28 U.S.C. § 1346(b)(1).

11.     The Forest Service designates certain areas, including the area where Plaintiff's accident occurred, and certain trails, including the trail with the dangerous cattle-crossing ledge, specifically for off-road vehicle (ORV) use. The Forest Service charges admission through the sale of Adventure Passes, and gives notice of potential hazards through signs using the color coding system. This ORV trail was rated green, the safest and easiest ORV level. The Forest Service knows that ORV riders rely on its expertise, vigilance and color-coding warning system when using the trails. The Forest Service installed and knew about the cattle-crossing, and knew that a hazardous ledge was developing over time through foreseeable erosion. Nevertheless, the Forest Service induced a false sense of security in ORV users such as Plaintiff by color coding the trail green, thus creating the danger that caused Plaintiff's injury.

12.     The negligence of the Forest Service and its employees, acting within the course and scope of their employment, was the proximate and legal cause of Plaintiff's injuries and damages. Plaintiff's allegations of government negligence and other wrongdoing are, at minimum, fourfold: First, the man-made cattle guard needed to be monitored over time for erosion. Second, the hazardous ledge should not have been allowed to develop by leveling the ground in front of the cattle crossing to prevent the ledge hazard. Third, or alternatively, a warning sign should have been posted before the blind turn so that ORV riders would get notice that a significant man-

made hazard lay around the corner. Fourth, if the trail was not going to be maintained in a reasonably safe manner by the Forest Service following options 1, 2, and 3, the trail should not have been rated green. By giving the trail its lowest hazard (highest safety) rating the Forest Service and its employees created in Plaintiff and other users an expectation of safety and a false sense of security that the trail would be free of concealed and unexpected man-made hazards such as the cattle-crossing ledge. In other words, the Forest Service failed to warn of a known, latent hazard that the Forest Service itself created. The failure to do so was not the result of any policy decision involving the weighing of competing interests, such as the impact of signs or other environmental maintenance. Accordingly, this claim is not barred by the "discretionary function exception," of 28 U.S.C. § 2680(a). *See, e.g., Young v. United States*, 769 F.3d 1947 (9th Cir. 2014).

13. As a proximate result of Defendant's officers and agents negligent conduct as set forth above, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his nervous system and person, all of which have caused, continue to cause, and will in the future cause great mental, physical and nervous pain and suffering, humiliation, shock, distress and anguish, loss of enjoyment of life, medical and related expenses, lost income and wages, and property damage, including loss of use, all in amounts to be proven at time of trial.

WHEREFORE, Plaintiff prays that he recover:

a. Compensatory general and special damages in an amount in accordance with proof;

b. Costs and post-judgment interest; and

e. Such other and further relief as the Court deems just and proper.

Dated: January 19, 2015                THE LAW OFFICES OF JOHN BURTON

By _____/s /_____

John Burton,
Attorneys for Plaintiff

**EXHIBIT A**



Thanks for your support!

Good until 10 A.M. on the day following validation

$5.00 Non-refundable

# DAILY PASS

**Scratch off day**

This side must face out, display in clear view.

| | |
|---|---|
| 1 | 17 |
| 2 | 18 |
| 3 | 19 |
| 4 | 20 |
| 5 | 21 |
| 6 | 22 |
| 7 | 23 |
| 8 | 24 |
| 9 | 25 |
| 10 | 26 |
| 11 | 27 |
| 12 | 28 |
| 13 | 29 |
| 14 | 30 |
| 15 | 31 |
| 16 | |

Pass must be removed from mirror when vehicle is in motion. CVC 26708(b)



## National Forest Adventure Pass

ANGELES, CLEVELAND, LOS PADRES, SAN BERNARDINO NATIONAL FORESTS

**Scratch off month**

| JAN. | FEB. | MAR. |
|---|---|---|
| APR. | MAY | JUNE |
| JUL | AUG. | SEPT. |
| OCT. | NOV. | DEC. |

### Validate Your Pass

You must validate your pass by scratching off the day and month *after* you have arrived at your destination. There is a maximum fine of $100 for failure to display the pass, in accordance with 36 CFR 261.17.

# Daily  D3-  303628

  

### *NATIONAL FOREST ADVENTURE PASS*

Thank you for supporting National Forest lands by purchasing this *Pass*. Display your pass in your vehicle, it covers any standard amenity fee for the National Forests in Southern California. Recreation Fee sites and areas will be designated with signs. There may be additional fees or permits required for other activities like campground, OHV and wilderness use.

### Your *Pass* at Work

The *Adventure Pass* program improves resource conditions and recreation opportunities. Eighty percent (80%) of the revenues will be invested locally on the Angeles, Cleveland, Los Padres or San Bernardino National Forests for on the ground projects.

### Secure Your Vehicle and Protect Your *Pass*

Lock your car and secure articles out of sight. The Forest Service is not responsible for fire, theft, damage or loss of articles. Lost, stolen, or damaged passes will not be replaced. No receipt has been provided.

 **Always Check for Current Forest Conditions**

This *Pass* does not guarantee access to your forest destination, nor does it reserve any portion of National Forest land for use. Weather and Fire restrictions can affect access to the Forest. Always call ahead for current conditions before leaving on your outing. Forest office phone numbers and websites are listed below:

**Angeles National Forest**
  (626) 574-1613 • www.fs.fed.us/r5/angeles/
**Cleveland National Forest**
  (858) 673-6180  (800) 735-2922 TTY
  www.fs.fed.us/r5/cleveland/
**Los Padres National Forest**
  (805) 968-6640  (805) 968-6790 TTY
  www.fs.fed.us/r5/lospadres/
**San Bernardino National Forest**
  (909) 382-2600
  www.fs.fed.us/r5/sanbernardino/

Visit the *National Forest Adventure Pass* website at:
**http://www.fs.fed.us/r5/sanbernardino/ap/**
**Promptly Report Fires and Emergencies to 911**

